IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LILLIAN MOSELY, individually and on behalf of her minor son, Melvin Jackson, </br></br>Plaintiff,</br></br>vs.</br></br>BOARD OF EDUCATION OF CITY OF CHICAGO, DIANE GRISSETT, LAURA LOZADA, and SHIRLEY ATKINS,</br></br>Defendants. | Case No. 03 C 4915 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Lillian Mosely has sued the Chicago Board of Education and four Board employees under 42 U.S.C. § 1983, alleging violations of her First Amendment rights. Mosely has also asserted claims under state law. The defendants have moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons stated below, the Court grants the motion.

The factual and procedural background of the case is set forth in the Court's prior ruling, *Mosely ex rel Jackson v. City of Chicago*, No. 03 C 4915, 2008 WL 818261, *1-3 (N.D. Ill. Mar. 21, 2008), so the Court will not repeat it here. In that ruling, the Court denied the individual defendants' motions to dismiss based on the statute of limitations. *Id.* at *3-*6. Although the Court stated that there was a possibility that the amended complaint naming the individual defendants might not relate back to the date

the timely-filed original complaint had been filed, the Court concluded that "the appropriate course is [to] allow[ ] discovery to proceed so that the parties can produce and obtain evidence concerning the notice issue, and then revisit[ ] that point later in the case." *Id.* at *6. That time is now.

**Discussion**

The individual defendants argue that Mosely's amended complaint fails to meet the requirements of Federal Rule of Civil Procedure 15, which governs the relation back of amended pleadings. They contend that Mosely has failed to produce evidence that any of them received notice of the action within the time frame provided by Rule 4(m), as required by Rule 15(c)(1)(C)(I). The defendants testified in depositions that they did not know that Mosely had filed a lawsuit until they were served with the amended complaint in 2007. The Court had previously concluded that the latest date the statute of limitations could have begun to run on Mosely's claim was sometime in September 2001, when she removed her son from Samuel Gompers School. *Mosely*, 2008 WL 818261 at *6. Because the statute of limitations on Mosely's section 1983 claims ran in September 2003—two years later, these individual defendants failed to receive notice until well beyond the 120 days allowed for service of process under Rule 4(m).

In response to defendants' motion, Mosely did not produce any evidence of prior notice to the individual defendants. Rather, she contends that the individual defendants share an identity of interest with the Board of Education such that notice of the original action may be imputed to them. Relation back "is proper 'if a sufficient identity of interest exists between the new defendant and the original one so that relation back

would not be prejudicial.'" *Woods v. Indiana Univ.-Purdue Univ. at Indianapolis*, 996 F.2d 880, 889 (7th Cir. 1993) (quoting *Norton v. Int'l Harvester Co.*, 627 F.2d 18, 21 (7th Cir. 1980)).

The "identity of interest" exception is usually applied to related corporations that share common ownership and management. *See Norton*, 627 F.2d at 21. The exception may apply to impute notice to employees of a properly served employer, but a defendant's affidavit that he did not receive notice may defeat the imputation of notice. For example, in *Woods*, a defendant-employee submitted an affidavit that he did not receive notice of a lawsuit until he was served pursuant to an amended complaint filed outside the limitations period. *Woods*, 996 F.2d at 889. The court in *Woods* concluded that the plaintiff's failure to produce any contrary evidence entitled that defendant to summary judgment. *Id.* Mosely has likewise failed to produce evidence to contradict the individual defendants' deposition testimony. As a result, there is no basis to find that these defendants had notice of Mosely's claim so that they would not be prejudiced by having to defend against it.

Mosely also contends that the fact that the individual defendants and the Board are represented by the same counsel is evidence of notice. There is no indication, however, that the individual defendants were represented by the Board's counsel before they were served pursuant to Mosely's amended complaint. *Id.* n.14 (concluding that without a showing that defendant-employee was represented by employer's counsel within the time frame specified by Rule 15(c), the argument that notice should be imputed to defendant-employee due to common representation fails).

The Board of Education contends that Mosely's claims against it should be dismissed because she has failed to produce evidence of a custom or practice. "A government entity is responsible under 42 U.S.C. § 1983 'when the execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" *Lawrence v. Kenosha County*, 391 F.3d 837, 843 (7th Cir. 2004) (quoting *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978)). In order for a municipality to be liable for constitutional violations based upon acts of its employees, there must be: "(1) an express policy that would cause a constitutional deprivation if enforced; (2) a common practice that is so widespread and well settled as to constitute a custom or usage with the force of law even though it is not authorized by written law or express policy; or (3) an allegation that a person with final policy-making authority caused the constitutional injury." *Lawrence*, 391 F.3d at 844.

Mosely failed to address this argument in her response. Moreover, a review of the record, including the depositions of Mosely and the individual defendants, reveals no evidence from which a jury reasonably could find that the Board had a policy or practice in place that would deprive Mosely of her constitutional rights. Mosely has also failed to produce evidence that anyone with policy-making authority caused her alleged injury.

Finally, the only claims that remain are Mosely's state law claims. Because there exists no other basis for jurisdiction, the Court declines to exercise supplemental jurisdiction over these claims. 28 U.S.C. § 1367(c)(3).

4

**Conclusion**

For the reasons stated above, the Court grants defendants' motions for summary judgment [docket nos. 110, 113]. The Clerk is directed to enter judgment dismissing plaintiff's federal claims with prejudice and dismissing her state law claims for lack of subject matter jurisdiction.

                                                           _____
                                                           MATTHEW F. KENNELLY
                                                           United States District Judge

Date:  August 5, 2009

5